JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

KRISTIN L. HOCKENBERRY and JAMES E. HOCKENBERRY,
*individually and on behalf of all others similarly situated*

(b) County of Residence of First Listed Plaintiff   PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Robert P. Cocco, P.C.,
1500 Walnut St., Ste.900, Philadelphia, PA 19102
215-351-0200

### DEFENDANTS

PERFORMANT RECOVERY INC.

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1   U.S. Government Plaintiff | ☒ 3   Federal Question *(U.S. Government Not a Party)* |
| ☐ 2   U.S. Government Defendant | ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                           *and One Box for Defendant)*

|                          | PTF | DEF |                                                      | PTF | DEF |
|--------------------------|-----|-----|------------------------------------------------------|-----|-----|
| Citizen of This State    | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 791 Employee Retirement Income Security Act | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):* 15 U.S.C.§1692k et seq.

Brief description of cause: inaccurate credit reporting dispute

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   1/30/20

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **KRISTIN L. HOCKENBERRY and JAMES E. HOCKENBERRY,** | : | CIVIL ACTION |
| *individually and on behalf of all others similarly situated* | : | |
| *similarly situated* | : | |
| v. | : | NO. |
| **PERFORMANT RECOVERY INC.** | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)    Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255.                                                      (     )

(b)    Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                                                      (     )

(c)    Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 8.                                                      (     )

(d)    Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.                                                      (     )

(e)    Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                                                      ( X )

(f)    Standard Management -- Cases that do not fall into any one of the other tracks.                                                      (     )

_1/30/20_
(Date)

_____
Attorney-at-law

  ROBERT P. COCCO, ESQ.          .
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 3897 James Road Huntingdon Valley PA 19006 _____

Address of Defendant: _____ 333 N. Canyons Pkwy., Ste. 100, Livermore, CA 94551-9480 _____

Place of Accident, Incident or Transaction: _____ 3897 James Road Huntingdon Valley PA 19006 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ n/a _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/30/2020 _____    _~signature~_    61907

_Attorney-at-Law / Pro Se Plaintiff_    _Attorney I.D. # (if applicable)_

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases
  (Please specify): _____ FDCPA _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*: _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify)*: _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ ROBERT COCCO _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 01/30/2020 _____    _~signature~_    61907

_Attorney-at-Law / Pro Se Plaintiff_    _Attorney I.D. # (if applicable)_

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KRISTIN L. HOCKENBERRY and JAMES E. HOCKENBERRY,** individually and on behalf of the classes defined herein,<br><br>          **Plaintiff,**<br>   v.<br><br>**PERFORMANT RECOVERY INC.,**<br><br>       **Defendants.** | **CLASS ACTION**<br><br>**C.A. No. 20-**<br><br><br>**TRIAL BY JURY DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiffs Kristin L. Hockenberry and James E. Hockenberry, complaining of Defendant Performant Recovery Inc., respectfully allege as follows:

### I.      PRELIMINARY STATEMENT

1.      This is a consumer class action seeking relief for Defendant debt collector's failure to lawfully collect a federal student loan debt from Plaintiffs in compliance with the FDCPA and with federal regulations to rehabilitate defaulted student loans, .  As a result of this widespread noncompliance, hundreds or thousands of consumers nationwide, including Plaintiffs, have been subjected to harassing and abusive collection conduct and improperly delayed and/or denied rehabilitated student loan payments for which they qualify.

2.      Plaintiffs bring this class action against Defendant to obtain relief for themselves and other similarly situated consumers with respect to Defendant's systemic violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## II.     JURISDICTION AND VENUE

3.     Jurisdiction of this Court arises under 47 U.S.C.§ 227 *et seq.*, 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337(a).  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4.     Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III.     PARTIES

5.     Plaintiff Kristin L. Hockenberry is a natural person who resides in Huntingdon Valley, Pennsylvania.

6.     Plaintiff James E. Hockenberry is a natural person who resides in Huntingdon Valley, Pennsylvania.

7.     Defendant Performant Recovery Inc. ("Performant") is a business entity regularly engaged in the business of collecting debts nationwide with its principal place of business located at 333 N. Canyons Pkwy., Ste. 100, Livermore, CA 94551-9480.  Performant regularly attempts to collect debts alleged to be due another and is a debt collector as defined by 15 U.S.C. §1692a(6).

## IV.     FACTUAL ALLEGATIONS

### A.     Federal Student Lending Programs

8.     Since 1965, federally guaranteed student loans have been available either through the Federal Family Education Loan ("FFEL") or William D. Ford Direct Student Loan ("Direct Loan") programs.  This federal assistance is designed to expand access to higher education.

9.     Congress created the FFEL program in 1965. Under the FFEL program, private lenders originated loans to postsecondary students. The federal government made payments to those lenders, guaranteed them against significant loss in case of default, and provided funds to help administer the loans.

10.     FFEL loans include Subsidized Federal Stafford Loans, Unsubsidized Federal Stafford Loans, FFEL PLUS Loans, and FFEL Consolidation Loans.

11.     Although no new FFEL loans have been made since June 30, 2010, loans originated and disbursed on or before that date are still serviced today.

12.     The Department of Education ("DOE") began originating student loans to borrowers in 1994 under the Direct Loan program.  In the Direct Loan program, eligible borrowers receive loans that are nearly identical to FFEL loans. The DOE administers the Direct Loan Program, which is funded through the U.S. Treasury.

13.     There are four types of Direct Loans: Direct Subsidized Loans, Direct Unsubsidized Loans, Direct PLUS Loans, and Direct Consolidation Loans

14.     In 2009, the DOE awarded the Pennsylvania Higher Education Assistance Agency ("PHEAA") a federal loan servicing contract to service federally owned loans nationally.  *See* myfedloan.org.

**B.     Federal Student Loan Rehabilitation Program**

15.     In 1986, to deal in part with the lingering effects of the recession that began earlier in the 1980s, the federal government established an orderly and mandatory procedure to facilitate repayment and rehabilitation of federal student loans that were in default.

16.     The terms of this federal student loan rehabilitation program for borrowers whose loans were in default are set by federal statute, and include:

a.     The right to have monthly payments adjusted to one that is "reasonable and affordable based on the borrower's total financial circumstances." 20 U.S.C. § 1078-6(a)(1)(B).

b.     The right to have the loan rehabilitated if the adjusted monthly payments are made timely in nine of ten consecutive months. *Id.* at § 1078-6(a)(1)(A); and

3

     c.    Once nine such payments have been made, to have the fact of the prior default removed from the borrower's credit report. *Id.* at § 1078-6(a)(1)(C).

17.    Pursuant to its contracts with the federal government, PHEAA is required to comply with the federal loan rehabilitation program.

18.    More particularly, for the time period at issue in this action, according to its contracts with the DOE and pursuant to federal regulations, PHEAA was required to offer rehabilitation to a defaulted federal student loan borrower a reasonable and affordable payment as follows:

     a.    Initially, an amount equal to 15 percent of the amount by which the borrower's adjusted gross income ("AGI") exceeds 150 percent of the poverty guideline amount applicable to the borrower's family size and State, divided by 12, except that if this amount is less than $5, the borrower's monthly rehabilitation payment is $5. The payment amount could be based on information provided orally by the borrower or the borrower's representative and the borrower could be required to provide documentation to confirm the borrower's AGI and family size, 34 CFR § 685.211(f)(1), or;

     b.    If the borrower objects to the foregoing initial monthly payment amount determined and offered, the monthly payment can be recalculated based solely on information provided on an approved form and, if requested, supporting documentation from the borrower and other sources, and includes the borrower's, and if applicable, the spouse's current disposable income, along with reasonable and necessary expenses.  34 CFR § 685.211(f)(3).

19.    The reasons for this rehabilitation program, particularly in times of economic instability, are evident for both the borrower and the lender: borrowers are able to avoid and even reverse the severe consequences of default, and the lender is able to recoup some payment and

continue to have a relationship with the borrower that continues as the borrower's financial condition may improve.

20.     Creditors and those person(s) servicing defaulted loans and/or collecting on defaulted loans are obligated to notify borrowers of their rights under the federal student loan rehabilitation program, including calculating "reasonable and affordable" payments, and the route to rehabilitation of both the loan and borrower's credit, or are not to make representations contrary to the mandatory terms of that program.

21.     Without disclosure of these terms, federal student loan debtors would not know their rights under the program and will either remain in default and with a blot on their credit or continue to endeavor to make payments in excess of what they are required to pay.

22.     Additionally, successful completion of rehabilitation has beneficial credit effects for a federal student loan borrower:

> (3) Upon the sale of a rehabilitated loan to an eligible lender or assignment to the Secretary -
> (i) The guaranty agency must, within 45 days of the sale or assignment -
> …
> (B) Request that any consumer reporting agency to which the default was reported remove the record of default from the borrower's credit history.

34 CFR § 682.405.

23.     Defaulted student loans carry substantial negative consequences for borrowers.

24.     Defaulted loans are subject to penalties, as well as a variety of collection actions, including but not limited to referral to an aggressive debt collection agency, negative reporting to consumer reporting agencies, and garnishment of wages and federal tax refunds.

C.     **Plaintiff Kristin Hockenberry's Experience with The Loan Rehabilitation Process**

25.     Prior to the events described herein, Plaintiff Kristin L. Hockenberry's debt was in default status and serviced by PHEAA, doing business as American Education Services ("AES"),

a corporation engaged in the business of guaranteeing and servicing student loans both for itself and for third parties like the DOE.

26.     On or about January 18, 2019, Plaintiff entered into a written loan rehabilitation agreement with PHEAA the terms of which involved payment of $55 monthly to be electronically deducted directly by PHEAA from Plaintiff's bank account.

27.     On or about January 22, 2019, Plaintiff received an email from a Stephanie Hassler of PHEAA confirming direct debit of a $55 monthly rehabilitation payment from her bank account with the date of first payment being January 25, 2019.

28.     On or about January 25, 2019, PHEAA sent Plaintiff correspondence confirming direct debit of a $55.00 monthly rehabilitation payment with a confirmation number.

**D.     Plaintiffs' Experience with Performant's Debt Collection Process**

29.     Beginning in or around April 2019, Defendant Performant placed collection calls to Plaintiff Kristin Hockenberry's cell phone approximately twice a day from phone numbers with an 814 area code.

30.     On or about April 30, 2019, Defendant Performant sent Plaintiff a form collection letter on behalf of PHEAA in an attempt to collect the debt without reference to the aforesaid $55.00 monthly rehabilitation payment agreement between Plaintiff and PHEAA.

31.     Shortly thereafter, Plaintiff researched her bank account statements and learned that PHEAA had never deducted any of the $55.00 monthly rehabilitation payments despite PHEAA's emails saying it would be done beginning January 25, 2019.

32.     After receiving the Performant collection letter, Plaintiff called Performant in an attempt to understand why PHEAA referred the debt for collection to Performant when she already reached an existing rehabilitation agreement with PHEAA for a monthly payment of $55.00.

6

33.    Performant stated in response that the debt was placed with it for collection by PHEAA because Plaintiff had purportedly breached the rehabilitation agreement with the following alleged conduct:

      a.    Plaintiff allegedly provided an inaccurate bank account number to PHEAA;

      b.    PHEAA emailed Plaintiff at the email address "klhockenberry@gmail" about the bank account problem, but Plaintiff allegedly never responded.

34.    Performant's aforesaid explanations for the collection attempts against Plaintiff Kristin Hockenberry are groundless because:

      a.    All bank account information provided by Plaintiff was accurate as evidenced by the "Direct Debit Default Collections" form provided by PHEAA and completed by Plaintiff Kristin Hockenberry dated January 18, 2019; and,

      b.    From information provided by PHEAA and based on prior emails to and/or from Performant in connection with the debt, Performant knew or should have known that all email communications between Plaintiff and PHEAA were via "klhockenb@gmail" and that "klhockenberry@gmail" was inaccurate.

35.    On April 26, 2019 shortly before 6:03 p.m., Performant called Plaintiffs' neighbor seeking information on Kristin L. Hockenberry's whereabouts.

36.    At 6:03 p.m. on said date, the neighbor called Plaintiff James E. Hockenberry, to notify him of Performant's call.

37.    In addition, Performant placed calls to the cell phones of persons who were not associated with the debt as co-obligors, credit references, or otherwise: Plaintiff Kristin Hockenberry's husband, Plaintiff James E. Hockenberry; and, the employer of Plaintiff James E. Hockenberry and the employer's wife.

7

38.     On or about August 5, 2019, Plaintiff Kristin Hockenberry sent a letter via first class mail to the three major credit reporting agencies, Equifax, Experian, and TransUnion, disputing the defaulted status of her loan and explaining that her loan should be in rehabilitation status, consistent with her prior submissions and federal regulations.

39.     Plaintiff also sent a copy of the aforesaid letter directly to PHEAA/AES and faxed a letter to Performant at 12:22 p.m.

40.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was intentional, negligent, willful, and in reckless disregard for the rights of the Plaintiff.

**E.    Performant's Failure To Properly Respond to Plaintiff's Rehabilitation Request And Subsequent Disputes Has Caused Both Plaintiffs Substantial Harm**

41.     Plaintiff Kristin Hockenberry has suffered both financial harm and emotional distress as a result of Performant's actions, including but to limited to its inadequate policies and training of its collectors regarding rehabilitation.

42.     As a result of Performant's failures, Plaintiff's loan has continued in a defaulted status since January 2019.

43.     As a result of Performant's failures, Plaintiff's loan is not in rehabilitation and PHEAA/AES therefore continues to report negative information on Plaintiff's credit reports, negatively impacting her credit score and credit standing.

44.     Plaintiff has spent significant time seeking to address the problem and has experienced substantial humiliation and distress as a result of Performant's conduct.

45.     Plaintiff's Congressionally granted rights to remain free of unfair and unconscionable means to collect or attempt to collect debt were denied by Defendant. These rights

were designed by Congress to protect against invasions of individual privacy, and Defendant deprived Plaintiff of those rights.

## V.    CLASS ACTION ALLEGATIONS

46.    Plaintiffs bring this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Classes:

a.    FDCPA Class: All persons who, during the one year prior to the filing of this Complaint and continuing to the final resolution of this case, were debtors whose location information was known to Defendant, and who were the subject of communications by Defendant to third parties identified by skip tracing.

b.    TCPA Class: All cellular telephone subscribers in the United States who, during the four year period prior to the filing of this Complaint and continuing to the final resolution of this case, received an autodialed call from Defendant on their cellular telephone without their prior express consent regarding a debt they did not owe.

47.    The Classes are so numerous that joinder of all members is impracticable.

48.    The principal question of law common to the Classes predominate over any questions affecting only individual Class members.  The principal questions are (1) whether Performant had any lawful collection objective in contacting third parties it located through skip tracing when acquisition of location information for debtors was not required as permitted by 15 USC § 1692b, (2) whether Performant had consent to contact a non-debtor's cell phone without consent; (3) whether consumers were significantly injured by the use of such collection tactics; and, (4) whether Defendant violated the FDCPA and TCPA by its aforesaid collection tactics. Such proofs are matters of Defendant's regular policies, routines and practices.

49.    Plaintiffs' claims are typical of the claims of the Classes, which all arise from the same operative facts and are based on the same legal theories.

50.    Plaintiffs will fairly and adequately protect the interests of the Classes. Plaintiffs are committed to vigorously litigating this matter and have retained counsel experienced in

handling class actions and claims involving unlawful business practices. Neither Plaintiffs nor their counsel has any interests which might cause them not to vigorously pursue this claim.

51.     This action should be maintained as a class action because the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Classes, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

52.     A class action is a superior method for the fair and efficient adjudication of this controversy. The quintessential purpose of the class action mechanism is to permit litigation against wrongdoers even when damages to the individuals may not be sufficient to justify individual litigation. Here, the damages suffered by Plaintiffs and the Classes regarding calls to third parties for purposes of debt collection and calls to a cell phone without consent may be relatively small compared to the burden and expense required to individually litigate their claims against Performant. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many class claims. The identities of the Class members may be obtained by ministerial inspection of Defendant's records.

## V.     CAUSES OF ACTION

### COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT

**(Plaintiff Kristin L. Hockenberry v. Performant, Class Claim)**

53.     The allegations above are re-alleged and incorporated herein by reference.

54.     At all times relevant hereto Defendant was attempting to collect an alleged debt

10

which was incurred for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

55.     The above contacts made between Defendant and third parties concerning Plaintiff's student loan were "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

56.     Defendant, by its conduct as described above regarding contacting skip-traced third parties concerning the debt when no location information was required for the debtor, violated the FDCPA including but not limited to the following:

    a.    Engaging in conduct the natural consequence of which is to abuse a person, 15 U.S.C. § 1692d;

    b.    Using false and deceptive means to collect the debt, 15 U.S.C.  § 1692e(10)

    c.    Using unfair or unconscionable means to collect or attempt to collect a debt, 15 U.S.C. § 1692f.

## COUNT II
## TELEPHONE CONSUMER PROTECTION ACT
### (Plaintiff James E. Hockenberry v. Performant, Class Claim)

55.     The allegations above are re-alleged and incorporated herein by reference.

56.     Plaintiffs and the members of the TCPA Class are "called part[ies]" within the meaning of the TCPA.

57.     The foregoing acts and omissions of Defendant constitute violations of the TCPA, including but not limited to 47 U.S.C.§227(b)(1)(iii), by each and every call made in violation of the statute, pursuant to 47 U.S.C.§227(b)(1)(B).

58.     Defendant willfully or knowingly violated the TCPA with respect to Plaintiff and the TCPA Class by voluntarily placing non-emergency calls to the cellular telephone

numbers of the Plaintiffs and the members of the Class using an automated telephone dialing system with knowledge that it did not have the prior express consent of the called parties, and after being instructed to stop calling.

59.     The TCPA provides Plaintiff and the members of the TCPA Class with a private right of action against Defendant for its violations of the TCPA, as described herein, pursuant to 47 U.S.C. § 227(b)(3).  Plaintiff and the members of the TCPA Class are entitled to both injunctive relief and statutory damages of $500 per call and up to $1,500 per call made by Performant in violation of the TCPA.

60.     In the absence of a judicial declaration of the illegality of Defendant's conduct and an injunction barring Defendant from engaging in such illegal conduct in the future, Defendant will continue its unlawful conduct in the future.

61.     Plaintiff and the members of the TCPA Class are also entitled to an award of attorneys' fees and costs on an equitable basis to be paid through a "common fund," or similar theory.

## COUNT III
## FAIR DEBT COLLECTION PRACTICES ACT
### (Plaintiffs v. Performant, Individual Claim)

62.     The allegations above are re-alleged and incorporated herein by reference.

63.     At all times relevant hereto Defendant was attempting to collect an alleged debt which was incurred for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

64.     The above described contacts between the Plaintiffs and Defendant were "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

12

65.    Defendant, by its conduct as described above regarding collection call to Plaintiff James E. Hockenberry's cell phone, violated the FDCPA including but not limited to the following:

a.    Engaging in conduct the natural consequence of which is to abuse any person, 15 U.S.C. § 1692d.

b.    Using unfair or unconscionable means to collect or attempt to collect a debt, 15 U.S.C. § 1692f.

66.    Defendant, by its conduct as described above regarding its handling of Plaintiff Kristin L. Hockenberry's rehabilitation request, violated the FDCPA including but not limited to the following:

a.    Engaging in conduct the natural consequence of which is to abuse a person by misrepresenting to plaintiff Kristin Hockenberry that she had provided erroneous banking and contact information which prevented implementation of her rehabilitation agreement with PHEAA, 15 U.S.C. §1692d;

b.    Falsely representing the character, amount, or legal status of any debt by Performant misrepresenting to Plaintiff Kristin Hockenberry that she had provided erroneous banking and contact information which prevented implementation of her rehabilitation agreement with PHEAA, 15 U.S.C. §1692e(2)(A);

c.    Using false and deceptive means to collect the debt regarding non-compliance with the CFR for rehabilitation of loans, 15 U.S.C. § 1692e(10)

d.    Using unfair or unconscionable means to collect or attempt to collect a debt, 15 U.S.C. § 1692f.

13

<u>COUNT IV</u>
## PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT, 73 P.S. § 2270.1 *et. seq.*
### and
## PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 P.S. § 201-1 *et. seq.*

### (Plaintiff Kristin Hockenberry v. Performant, Individual Claim)

67.    Plaintiff incorporates the allegations contained in the previous paragraphs by reference.

68.    Defendant is within the category of "debt collectors" as defined by section 2270.3 of the FCUEA.

69.    Plaintiff is within the category of "consumers" as defined by section 2270.3 of the FCUEA.

70.    All of the above contacts by Defendant, specifically including Defendant denying Plaintiff rehabilitation of her defaulted student loan by falsely claiming she provided to PHEAA inaccurate banking and contact information, were "communications" relating to a debt as defined by section 2270.3 of the FCUEA.

71.    The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the FCEUA and UTPCPL, including but not limited to 73 P.S. § 2270.4(a), as evidenced by the following conduct:

a.    Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

b.    The use of false, deceptive or misleading representations or means in connection with the collection of a debt;

c.    Making false, deceptive, or misleading representations with regard to the character, amount or legal status of the alleged debt;

14

      d.     The use of false representation or deceptive means to collect a debt or obtain information about a consumer;

      e.     The use of unfair or unconscionable means to collect or attempt to collect an alleged debt;

      f.     Attempting to collect any amount not authorized by agreement or permitted by law.

72.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law with the purpose of coercing Plaintiff to pay the debt.

73.     As a result of the above violations of the FCUEA and UTPCPL, Plaintiff has suffered an ascertainable loss of the benefit of the reasonable and affordable $55.00 monthly payment agreed upon with PHEAA.

### TRIAL BY JURY

74.     Plaintiffs are entitled to and hereby respectfully demand a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the Classes pray for relief as follows:

A.     That an order be entered certifying the proposed Classes under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and their counsel to represent the Classes;

B.     That judgment be entered in favor of Plaintiffs and the TCPA Class against Defendant for statutory damages for violation of the TCPA, 47 U.S.C. § 227(b)(3)(B) and (C);

C.      That judgment be entered in favor of Plaintiffs and the FDCPA Class against Defendant for actual and statutory damages for violation of the FDCPA, 15 U.S.C. § 1692k(a)(2)(B);

D.      That judgment be entered in favor of Plaintiff Kristin L. Hockenberry for actual, statutory and treble damages for violation of the FCEUA, pursuant to 73 P.S.§ 201-9.2(a);

E.      That the Court grant equitable relief compelling compliance with federal student loan rehabilitation law cited herein;

F.      That the Court award Plaintiffs their costs and reasonable attorneys' fees; and,

G.      That the Court grant such other and further relief as may be just and proper.


Dated: January 30, 2020

ROBERT P. COCCO, P.C.
By:  Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-351-0200


FRANCIS MAILMAN SOUMILAS, P.C.
James A. Francis
David A. Searles
Lauren KW Brennan
1600 Market Street, Suite 2510
Philadelphia, PA 19103
215.735.8600
215.940.8000
jfrancis@consumerlawfirm.com
dsearles@consumerlawfirm.com
lbrennan@consumerlawfirm.com

*Attorneys for Plaintiffs*

16